# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERMIN IGLESIAS,<br><br>Defendant. | Case No. 16-cr-00131-BAS-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR SENTENCING MODIFICATION (ECF No. 329)** |

On February 21, 2019, the Court sentenced Mr. Iglesias to 60 months in custody. (ECF No. 239.) That sentence was, in part, based on the Government's motion for a downward departure pursuant to section 5K1.1 because of Mr. Iglesias's cooperation. In particular, the Government stressed the assistance Mr. Iglesias had provided in the prosecution of Dr. Ronald Grusd (Case No. 15-cr-2821-BAS) who ran several medical imaging clinics. After Mr. Iglesias began his custodial term, he again met with the Government and provided additional information about other conspirators. Eventually, after his sentence, Mr. Iglesias testified at the trial of conspirator Sam Solakyan in Case No. 18-cr-4163-BAS.[1]

---

[1] Dr. Grusd went to trial and was initially sentenced to ten years in custody. After the sentence was reversed on appeal, the Court resentenced Dr. Grusd to 48 months in custody. Sam Solakyan went to

The Government now moves, pursuant to Rule 35(b)(2)(B), to reduce Mr. Iglesias's sentence an additional nine months. (ECF No. 329.) Mr. Iglesias responds requesting that the Court reduce Mr. Iglesias's sentence by eighteen months. (ECF No. 333.) The Court ultimately agrees that a sentence reduction is appropriate and agrees to reduce Mr. Iglesias's sentence by 18 months.

## I.   PROCEDURAL HISTORY

Fermin Iglesias was involved with many other individuals in a widespread patient-capping business. He and others would find applicants who would file Workers' Compensation claims against their employers. He and others then sold, bartered, and exchanged these applicants with others in the Workers' Compensation arena, including attorneys, doctors, and providers of medical goods and services. Each of these individuals would pay for the referral of claimants to their businesses. Two such individuals were Ronald Grusd and Sam Solakyan, who paid to have individuals referred to their imaging businesses.

On February 21, 2019, this Court sentenced Mr. Iglesias to 60 months in custody. The driving force behind the guideline range in Mr. Igelsias's case was the amount of loss to the insurance providers, which, as part of his plea agreement with the Government, Mr. Iglesias stipulated to.

At the time of sentencing, the Court noted that it would have sentenced Mr. Iglesias to the same amount of time in custody as Dr. Grusd (which at that time was ten years) had Mr. Igelsias not cooperated with the Government. (ECF No. 245.) Ultimately, however, the Court agreed that a five-point departure in Mr. Iglesias's offense level was appropriate because of his cooperation, and he was sentenced to half the amount of time that Dr. Grusd was.

Dr. Grusd appealed his conviction and sentence after trial. Although the conviction was upheld, the sentence was reversed, in part because the Government could not prove

---

trial in June 2021. His sentencing is still pending. This Court presided over both the trials of Dr. Grusd and Mr. Solakyan.

that the Workers' Compensation claimants would not have required the services they received elsewhere. Although the incentive from the scheme likely led claimants to receive and claim more services than was necessary, ultimately the Government was unable to satisfactorily distinguish between those patients who received services because they legitimately needed them and those patients who received medical services because of the financial incentive placed on the service providers to meet quotas and provide as many services to patients as possible. This reduced the loss to the insurers considerably. Eventually, the Court resentenced Dr. Grusd to 48 months in custody.

Seven months after he began his custodial sentence, in November 2019, Mr. Iglesias again met with the Government. His debriefing led to assistance and eventually testimony in court in June 2021 against Sam Solakyan. Based in part on this testimony, Mr. Solakyan was convicted by a jury of all counts.

In February of this year, the Court denied Mr. Igelsias's motion for compassionate release despite his claim of: (1) untreated diabetes, (2) high blood pressure, (3) extreme vertigo, (4) untreated tinnitus, (5) chronic and persistent sinus blockage, and (6) neurological difficulties. (ECF No. 313.)  Although the motion was predicated on the spread of COVID-19 and Mr. Iglesias's alleged medical condition, there was also concern expressed that this Court had initially said that Dr. Grusd and Mr. Iglesias should receive comparable sentences, yet Dr. Grusd had his sentence reduced after appeal.

Mr. Igesias maintains that he has been moved repeatedly over his past 30 months in custody because of his cooperation. (ECF No. 333.)  He has been housed at 11 different facilities, each requiring new medical quarantines because of COVID-19. This has also hampered his ability to receive consistent medical care.

II.     ANALYSIS

Under Rule 35(b)(2)(B) of the Federal Rules of Criminal Procedure, upon the Government's motion made more than one year after sentencing, the court may reduce a sentence for a defendant's substantial assistance if the information did not become useful to the Government until more than one year after sentencing. "In evaluating whether the

defendant has provided substantial assistance, the court may consider the defendant's presentence assistance." Fed. R. Crim. P. 35(b)(3).  Once the court finds a defendant has provided substantial assistance to the Government and is eligible for relief under Rule 35, the court may consider the full range of factors referenced in 18 U.S.C. § 3553(a) when determining the amount to reduce the sentence. *United States v. Tadio*, 663 F.3d 1042, 1048–49 (9th Cir. 2011).  The Court finds this is particularly true when there are § 3553(a) factors that were not present at the time of the initial sentence that are now present at the time of the modification.

The Court agrees with the Government that Defendant qualifies for a modification in his sentence pursuant to Rule 35(b)(2)(B).  The only remaining issue is the extent of the reduction.  For all the reasons listed in the procedural history above, including the level of cooperation provided, the hardships Mr. Iglesias has undergone because of his cooperation, and the need to avoid unwarranted disparities with the sentence of co-conspirators, notably Dr. Grusd, the Court finds an additional eighteen month reduction is appropriate.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's Motion for Sentence Modification (ECF No. 329), reduces Mr. Iglesias's sentence by 18 months, and sentences Mr. Iglesias to 42 months in custody.  All other sentencing conditions, including the conditions of supervised release imposed at the initial sentence remain in force and effect.  The Clerk of Court shall file this order publicly on the docket.

**IT IS SO ORDERED.**

**DATED: October 28, 2021**

Hon. Cynthia Bashant
United States District Judge